UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x
SHA-QUAY GAINES                                          16-cv-6286

                                Plaintiff,                       **COMPLAINT**

    -against-                                                      **JURY DEMAND**

CITY OF NEW YORK, DETECTIVE THOMAS
RICE, POLICE OFFICER JULIO MICHELI
AND POLICE OFFICERS JOHN DOES 1-5
(the names John Does being fictitious as their
true names are presently unknown),

                               Defendants.
----------------------------------------------------x

       Plaintiff, by his attorney, Law Office of Philip Akakwam, P.C., complaining of the defendants, City of New York, Detective Thomas Rice, Police Officer Julio Micheli and Police Officers John Does 1-5 (collectively "defendants"), upon information and belief alleges as follows:

## INTRODUCTION

       1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the First, Fourth, and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], and arising under the laws and statutes of the City and State of New York.

       2. Plaintiff seeks monetary damages for: the false arrest, false imprisonment, use of excessive force and malicious prosecution of Plaintiff and otherwise, for the violation of his federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is

full and complete.

## JURISDICTION

3.  The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4.  Jurisdiction is also invoked pursuant to 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) because the acts in question occurred in Kings County, and the City of New York is subject to personal jurisdiction in the Eastern District of New York.

## PARTIES

6.  Plaintiff, a black male, is a resident of the City of New York, County of Kings and State of New York.

7.  Defendant, City of New York (City) is a municipal entity existing under the laws and Constitution of the State of New York and was the public employer of the defendant police officers through its Police Department - New York City Police Department- and the actions of the police officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

8. Defendant Detective Thomas Rice of the 67th Precinct and Police Officer Julio Micheli of the 75th Precinct are New York City Police Officers who violated plaintiff's rights as described herein.

9. Upon information and belief, defendants Police Officers John Does 1-5 are New York City Police Officers employed with the 67th and 75th Precincts, Brooklyn, New York and who violated plaintiff's rights as described herein.

10. The individual defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. On or about August 2, 2015, at approximately 3:30 p.m., plaintiff was arrested by the defendants in front of a McDonald's restaurant located at 15 Jamaica Avenue, Brooklyn, New York without probable cause or justification.

12. At the time and place aforementioned, plaintiff had just come out of the McDonald's restaurant and was waiting on the street for a cab when he was arrested by some undercover officers.

13. The defendant officers pounced on plaintiff, grabbed and twisted his arms, and placed handcuffs on him. The cuffs were so tight that plaintiff suffered severe pain therefrom for many days.

14. Plaintiff asked the officers why they were arresting him but they ignored his questions. He told them that he had committed no crime and that they had no reason to violate his rights.

15. Defendant officers arrested plaintiff and searched him there on the street but they did not recover anything illegal.

16. Thereafter, plaintiff was placed in the defendants' van and driven around for many hours before he was finally brought to the Precinct.

17. At the precinct, plaintiff was again searched, fingerprinted, processed and thrown into

a holding cell.

18. Plaintiff was detained for about two days before he was brought to court and charged with petit larceny and criminal possession of stolen property.

19. The defendants had alleged that somebody else (not plaintiff) sold some powdery substance to undercover cops as heroine and collected money from them but that the powdery substance tested negative for heroin. Defendants claimed that the person who sold them the fake heroin acted in connection with plaintiff.

20. Plaintiff appeared in court many times to defend the charges and on February 3, 2016 all the charges were dismissed pursuant to CPL 170.55.

21. Again, on or about November 24, 2015, at approximately 6:00 a.m., plaintiff was arrested at his residence located at 584 Hinsdale Street, #3, Brooklyn, New York without any probable cause or justification.

22. At the time and place aforementioned, about five undercover officers broke through the entrance door to plaintiff's home. Then the officers went up to plaintiff's apartment and knocked.

23. When plaintiff's mother answered the door, the officers asked about one Cassandra. Plaintiff's mother told them that Cassandra does not live there.

24. Then, the officers showed plaintiff's mother a photo of plaintiff and she told them that was photo of her son. The officers asked her if plaintiff was home and she told them that she would check in his bedroom.

25. As plaintiff's mother was walking towards plaintiff's bedroom, the officers followed her into plaintiff's bedroom and woke plaintiff up.

26. The officers demanded that plaintiff go with them downstairs because they wanted to talk to him. Plaintiff put on his clothes and the officers took him downstairs.

27. When they got downstairs, the officers told plaintiff that they wanted to question him about his girlfriend and that they were going to take him to the precinct.

28. Plaintiff was placed under arrest and transported to the 67th precinct where he was processed and detained in a cell.

29. Plaintiff was later taken to Central Booking where he was detained until about 5:00 p.m. when he was released without being charged to court.

30. Plaintiff did not engage in suspicious, unlawful or criminal activity prior to or during the above incidents.

31. The individual defendants did not observe plaintiff engage in suspicious, unlawful or criminal conduct at any time prior to or during the above incidents.

32. At no time prior to or during the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in suspicious, unlawful or criminal conduct.

33. To cover up their misconduct, defendant officers intentionally, knowingly and purposely provided false statements and information to the District Attorney of Kings County to cause plaintiff to be prosecuted.

34. Plaintiff suffered physical injuries, emotional distress, fear, humiliation, shock, embarrassment, loss of liberty, psychological trauma, pain, and damage to reputation as a consequence of the defendants' unlawful conduct alleged herein.

35. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights

including rights guaranteed to him under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

36. Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the defendant officers in a collective manner and fashion.

37. Plaintiff has no other adequate remedy at law but for this action.

### AND AS FOR A FIRST CAUSE OF ACTION:
### 42 U.S.C. § 1983 - FALSE ARREST AND IMPRISONMENT

38. Plaintiff reiterates paragraphs 1 through 37 and incorporates such by reference herein.

39. By their conduct under color of law, defendant officers deprived plaintiff of his constitutional right to be free from false arrest and false imprisonment.

40. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### AND AS FOR A FOURTH CAUSE OF ACTION:
### 42 U.S.C. § 1983 - UNREASONABLE AND EXCESSIVE FORCE

41. Plaintiff reiterates paragraphs 1 through 40 and incorporates such by reference herein.

42. During the arrest of plaintiff, defendant officers maliciously, gratuitously, and unnecessarily grabbed and twisted plaintiff's arms, and subjected plaintiff to excessively tight handcuffs causing plaintiff to suffer injury to his wrists.

43. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated..

## AND AS FOR A SECOND CAUSE OF ACTION:
## 42 U.S.C. § 1983 - MALICIOUS PROSECUTION

44. Plaintiff reiterates paragraphs 1 through 43 and incorporates such by reference herein.

45. Plaintiff was subjected to malicious prosecution in violation of his right under the Fifth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

46. Defendant officers initiated the malicious prosecution against plaintiff without probable cause to believe that it would succeed.

47. The defendant officers acted with malice to cover up their illegal and unconstitutional conduct by initiating the malicious prosecution.

48. The above-stated malicious prosecution was terminated in plaintiff's favor when all the charges were dismissed.

49. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damage herein before stated.

## AND AS FOR A THIRD CAUSE OF ACTION

**(Monell/42 U.S.C. Section 1983: Claim Against Defendant City of New York)**

50. Plaintiff reiterates paragraphs 1 through 49 and incorporates such by reference herein.

51. The defendant City, through its police department, the NYPD, has developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of its citizens, which caused the violations of plaintiff's rights.

52. Defendant City, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching,

seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in some illicit activities.

53. Defendant City failed to provide proper training and/or failed to insure that the training provided was adequately understood in regard to the following tasks which police officers commonly perform:

    (a)    The determination of probable cause to make an arrest;

    (b)    The duty to take into account the totality of the circumstances in determining the existence of probable cause to make an arrest;

    (c)    The circumstances under which investigative detentions may lawfully occur and the manner in which they may lawfully be executed;

    (d)    The very limited circumstances under which a warrantless search may be carried out.

    (e)    The constitutional prohibition against racial profiling.

54. The existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct. The City of New York had been accused of racial profiling on multiple occasions. And in *Ligon v. City of New York*, 12 Civ. 2274, 2013 U.S. Dist. LEXIS 22383, at *9-*10 (S.D.N.Y. Feb. 14, 2013), the Court determined that the City of New York, acting through the NYPD, engages in illegal and unreasonable stop, frisk, search and seizure.

55. Police officers of the NYPD are permitted, as a policy and/or practice, to fill their arrest quotas by making unlawful arrests.

56. As part of its policies, customs and practices, Defendant City has failed to take proper corrective and punitive actions against overreaching police officers thus creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

57. Prior to and at the time of the incident alleged herein, the defendant City was aware of the need for more or different training, rules, regulations, investigation and discipline relating to police officers engaged in racial profiling, and was deliberately indifferent to that need.

58. As a direct and proximate result of the City's policies and deliberate indifference, defendants violated plaintiff's constitutional rights causing plaintiff to suffer substantial damages.

### AND AS FOR A FIFTH CAUSE OF ACTION: 42 U.S.C. § 1983 - FAILURE TO INTERCEDE

59. Plaintiff reiterates paragraphs 1 through 58 and incorporates such by reference herein.

60. The defendant officers each had opportunities to intercede on behalf of plaintiff to prevent the excessive use of force and unreasonable seizure but due to their intentional conduct or deliberate indifference declined or refused to do so.

61. As a direct and proximate result of the misconduct detailed above, plaintiff sustained the damage herein before stated.

**WHEREFORE**, Plaintiff demands judgment against the Defendants as follows:

i.   For compensatory damages in an amount to be determined at trial - against all defendants, jointly and severally;

ii.  For punitive damages against the individual defendants in an amount to be determined at trial;

    iii.    For reasonable attorneys' fees, together with costs and disbursements of this action, pursuant to 42 U.S.C. § 1988 and to the inherent powers of this Court;

    iv.    For pre-judgment interest as allowed by law; and

    v.    For such other and further relief as the court deems just and proper.

Dated: Brooklyn, New York
November 11, 2016

                        LAW OFFICE OF PHILIP AKAKWAM, P.C.

            By:       /s/
                      Philip Akakwam, Esq.
                      Attorneys for the Plaintiff
                      303 Livingston Street, 2nd Floor
                      Brooklyn, N.Y. 11217
                      (718) 858-2488

16-cv-6286

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHA-QUAY GAINES

                          Plaintiff

   -against-

CITY OF NEW YORK, DETECTIVE THOMAS
RICE, POLICE OFFICER JULIO MICHELI
AND POLICE OFFICERS JOHN DOES 1-5
(the names John Does being fictitious as their
true names are presently unknown),

                          Defendants.

---

# COMPLAINT

---

LAW OFFICES OF PHILIP AKAKWAM, P.C.
Attorneys for Plaintiff
Office and Post Office Address
303 Livingston Street, 2nd Floor
Brooklyn, N.Y. 11217
(718) 858-2488

---

TO:

---

Service of a copy of the within is hereby admitted.

Dated: