UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
SHA-QUAY GAINES,

                 Plaintiff,

-against-

CITY OF NEW YORK, DETECTIVE THOMAS
RICE, POLICE OFFICER JULIO MICHELI
AND POLICE OFFICERS JOHN DOES 1-5
(the names John Does being fictitious as their
true names are presently unknown),

                 Defendants.
-----------------------------------------------------------------X

Docket No. 16-CV-6286

**ANSWER WITH**
**CROSS-CLAIMS**

Defendant, DETECTIVE THOMAS RICE, by his attorneys, KARASYK & MOSCHELLA, LLP, as and for an Answer to Plaintiff's Complaint, respectfully sets forth as follows:

## AS TO INTRODUCTION

1. Denies the allegations contained in paragraphs 1, 2 and respectfully refers all questions of law and jurisdiction to the Court for future consideration.

## AS TO JURISDICTION

2. Denies the allegations contained in paragraphs 3, 4 and 5 and respectfully refers all questions of law and jurisdiction to the Court for future consideration.

## AS TO PARTIES

3. Deny knowledge or information sufficient to form a belief as to paragraph 6 of the Complaint.

4. Admit the allegations contained in paragraphs 7 of the Complaint except deny that defendant Rice committed any of the acts alleged in the Complaint.

5. Deny the allegations contained in paragraphs 8 and 9 of the Complaint.

## STATEMENT OF FACTS

6. Deny the allegations contained in paragraphs 11 of the Complaint as they relate to defendant Rice as defendant Rice was not present during said incident.

7. Deny knowledge or information sufficient to form a belief as to paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20 of the Complaint.

8. Deny the allegations contained in paragraphs 21, 22, 23, 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the Complaint.

9. Admit the allegations contained in paragraphs 24 and 25 and affirmatively state that plaintiff's mother invited defendant officers into her home and otherwise provided consent for the officers' entry.

### ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION
### FOR FALSE ARREST AND IMPRISONMENT UNDER 42 U.S.C.§1983

10. Defendant, answering paragraph 38 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

11. Deny the allegations contained in paragraphs 42 and 43 of the Complaint.

### ANSWERING PLAINTIFF'S SECOND CLAIM FOR RELIEF
### FOR MALICIOUS PROSECUTION UNDER 42 U.S.C.§1983

12. Defendant, answering paragraph 44 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

13. Denies the allegations contained in paragraphs 45, 46, 47, 48 and 49 of the Complaint.

### ANSWERING PLAINTIFF'S THIRD CLAIM FOR RELIEF
### (Monell/42 U.S.C.§1983: Claim Against Defendant City of New York

14. Defendant, answering paragraph 50 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

15. Deny the allegations contained in paragraphs 51, 52, 53, 54, 55, 56, 57 and 58 of the Complaint as they may relate to defendant Rice.

### ANSWERING PLAINTIFF'S FOURTH CLAIM FOR RELIEF - UNREASONABLE AND EXCESSIVE FORCE

16. Defendant, answering paragraph 41 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

17. Deny the allegations contained in paragraphs 42 and 43 of the Complaint as they may relate to defendant Rice.

### ANSWERING PLAINTIFF'S FIFTH CLAIM FOR RELIEF
### 42 U.S.C.§1983 - FAILURE TO INTERCEDE

18. Defendant, answering paragraph 59 repeats and realleges all of his responses with full force and effect as if fully set forth herein.

19. Deny the allegations contained in paragraphs 60 and 61 of the Complaint as they may relate to defendant Rice.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

20. The Amended Verified Complaint fails to state any claim against Defendant Rice upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. Plaintiff's injuries, if any, were caused by his own culpable and/or negligent conduct, and the amount of damages recoverable, if any, should be diminished by reason of said negligence, carelessness or other culpable conduct.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. If Plaintiffs sustained any harm as alleged in the Amended Verified Complaint, such harm was caused by persons or entities other than Defendant Rice.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

24. Defendant Rice has not violated any of the Plaintiffs' rights, privileges, or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has he violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

25. At all times relevant to the acts alleged in the Amended Verified Complaint, Defendant Rice acted reasonably, properly, lawfully, in good faith and in the lawful exercise of his discretion and authority as a police officer with the NYPD.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

26. The doctrine of qualified immunity renders Defendant Rice immune with regard to each and every cause of action asserted against him in the Amended Verified Complaint.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

27.     Probable cause existed for Plaintiff's arrest and prosecution.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

28.     Plaintiff has failed to set forth an adequate factual basis to support any cause of action against Defendant Rice or that he was personally involved in the deprivation of rights alleged in the Amended Verified Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

29.     If any force was used against Plaintiff, such force was justified and was reasonable and necessary under the circumstances.

### AS AND FOR A FIRST CROSS-CLAIM BY DEFENDANT THOMAS RICE AGAINST THE CITY OF NEW YORK

30.     At all times relevant herein Defendant Rice was acting within the discharge and performance of his duties as a New York City Police Detective, was not in violation of any rule or regulation of the New York City Police Department, and was acting within the scope of his employment.

31.     Any liability to Plaintiff must therefore be assumed by Defendant CITY OF NEW YORK pursuant to Section 50-k of the New York State General Municipal Law, which, among other things, provides that Defendant Rice is entitled to be indemnified and held harmless by Defendant CITY OF NEW YORK.

### AS AND FOR A SECOND CROSS-CLAIM BY DEFENDANT THOMAS RICE AGAINST THE CITY OF NEW YORK

32.     All of the actions of Defendant Rice were performed within the performance of

his duties and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiffs must be assumed by Defendant CITY OF NEW YORK pursuant to Section 50-k of the New York State General Municipal Law.

33. Any costs which may be sustained by Defendant Rice, including attorney's fees, in the defense of this action are embraced within the provisions of General Municipal Law Section 50-k.

34. Accordingly, Defendant Rice is entitled to recovery from Defendant CITY OF NEW YORK for such amounts as may be expended by him or on his behalf in the defense of this action.

WHEREFORE, Defendant, THOMAS RICE, demands judgment dismissing the Verified Complaint herein and denying all requested relief and granting Defendant Rice's cross-claims against the City of New York, together with the costs, attorney's fees and disbursements of this action.

Dated: New York, New York
       March 6, 2017

                                    Respectfully submitted,
                                    KARASYK & MOSCHELLA, LLP

                                    By:_____
                                    JAMES M. MOSCHELLA
                                    Attorneys for Defendant - *Thomas Rice*
                                    233 Broadway, Suite 2340
                                    New York, New York 10279
                                    (212) 233-3800

TO:   Law Office of Philip Akakwam, P.C.
       Attorneys for Plaintiff
       303 Livingston Street, 2nd Floor
       Brooklyn, NY 11217

David Ferrari, Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, NY 10007